IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HECTOR MARTINEZ,

        Petitioner,

vs.                                                       No. CIV 00-209 JC/LFG

JOE WILLIAMS, et al.,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed February 11, 2000. Petitioner Hector Martinez ("Martinez"), currently confined at the Lea County Correctional Facility in Hobbs, New Mexico, challenges the judgment and sentence entered by the Fifth Judicial District Court in State v. Martinez, No. CR 91-285 (County of Lea, New Mexico).

2. The incidents giving rise to the prosecution occurred in August 1991. On June 29, 1992, a bench warrant was issued for Martinez for his failure to appear at a pretrial hearing. (Record Proper of state court proceedings, at 050 [hereafter referred to in the form "RP 050"]). He was eventually arrested on April 28, 1998 (RP 051), and was tried and convicted by a jury of Criminal

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Sexual Penetration of a Minor in violation of N.M.S.A. (1978) § 30-9-11. Martinez was sentenced to a term of 18 years' imprisonment pursuant to the Judgment and Sentence entered on September 18, 1998. (Ex. A to Answer). His trial attorney filed a notice of appeal and pursued the appeal until it was affirmed by the New Mexico Court of Appeals on January 29, 1999. No petition for certiorari was thereafter filed, and Martinez contends that his attorney dropped the case without his knowledge or consent.

3. Martinez filed a *pro se* habeas corpus petition in state court on October 22, 1999, asserting ineffective assistance of counsel based on his attorney's failure to file a petition for certiorari on direct appeal and failure to investigate the background of the victim. The petition was denied, and the New Mexico Supreme Court denied certiorari. Martinez thereafter filed this federal habeas petition.

4. As grounds for federal habeas review, Martinez asserts:

Claim One: the evidence was insufficient to support his conviction; and

Claim Two: he received ineffective assistance of counsel, in that his attorney failed to file for certiorari on direct appeal and failed to investigate the background of the victim.

5. Respondent filed an Answer, and a Motion to Dismiss the petition [Doc. 10] on grounds Martinez procedurally defaulted his claim of insufficient evidence by failing to present it to the state's highest court on direct appeal and has not shown the requisite cause and prejudice or fundamental miscarriage of justice to excuse his default. Further, Respondent argues, the ineffective assistance claim is subject to dismissal, because Martinez has not show that counsel's performance was defective nor that any failure on counsel's part was prejudicial to his defense.

## Sufficiency of the Evidence

6. In Claim One, Martinez asserts that the evidence presented at his trial was insufficient to

support the conviction. This claim was raised on direct appeal and rejected by the New Mexico Court of Appeals. As noted above, no petition for certiorari was filed in Martinez's direct appeal, and Respondent argues that the claim was therefore procedurally defaulted.

<u>Procedural Default</u>

7. The Court finds that a procedural default did occur in this case, and although Martinez can show cause for the default, he has not established that he was prejudiced. In addition, he has not demonstrated a "fundamental miscarriage of justice" which would excuse the default. The Court therefore recommends dismissal of his claim of insufficiency of the evidence.

8. Respondent raises an issue in connection with his argument on ineffective assistance of counsel (discussed below), which draws into question the existence of procedural default under the circumstances of this case. In arguing that Martinez's counsel did not err in failing to file for certiorari on direct appeal, Respondent contends that certiorari is not available in New Mexico for review of a "sufficiency of the evidence" claim. In making this argument, Respondent contradicts himself somewhat, given his position that Martinez procedurally defaulted his sufficiency claim by failing to raise it on certiorari. Respondent relies on <u>State v. Conn</u>, 115 N.M. 99, 847 P.2d 744 (1993), in which the New Mexico Supreme Court held that an evidentiary issue – in <u>Conn</u>, the issue was possible abuse of discretion by the trial court in admitting evidence of the defendant's prior conviction – is not appropriate for exercise of jurisdiction by writ of certiorari, because "[o]ur jurisdiction in certiorari cases does not encompass weighing or reviewing the resolution of factual issues by the Court of Appeals." <u>Conn</u>, 115 N.M. at 100.

9. In making this statement, the court in <u>Conn</u> relied on N.M.S.A. (1978) § 34-5-14(B), which provides that the state supreme court has jurisdiction to review by writ of certiorari any

3

criminal matter in which the decision of the court of appeals:

> (1) is in conflict with a decision of the supreme court;
> (2) is in conflict with a decision of the court of appeals;
> (3) involves a significant question of law under the constitution of New Mexico or the United States; or
> (4) involves an issue of substantial public interest that should be determined by the supreme court.

10. A "sufficiency of the evidence" claim might be reviewed on certiorari under any of these subsections. Such a claim does not normally involve significant constitutional questions, although it certainly could. It is true that a reviewing court will normally accept the jury's resolution of conflicting evidence; however, if no rational juror could have found the essential elements of the crime beyond a reasonable doubt, due process has been violated. United States v. Grissom, 44 F.3d 1507, 1510 (10th Cir. 1995). In addition, a sufficiency claim could be reviewed under subsections (B)(1) or (2), as such claims present a mixed question of law and fact, not merely, as in State v. Conn, *supra,* "the resolution of factual issues by the Court of Appeals."

> [W]e perceive it to be an appellate court's duty on review of a criminal conviction to determine whether any rational jury could have found each element of the crime to be established beyond a reasonable doubt. This does not involve substituting the appellate court's judgment for that of the jury in deciding the reasonable-doubt question, but it does require appellate court scrutiny of the evidence and supervision of the jury's fact-finding function to ensure that, indeed, a rational jury could have found beyond a reasonable doubt the essential facts required for a conviction. Such review involves a two-step process: deference to the resolution of factual conflicts and inferences derived therefrom, *and a legal determination of whether the evidence viewed in this manner could support the conviction.* [Emphasis added; internal punctuation omitted].

State v. Munoz, 126 N.M. 535, 546, 972 P.2d 847, 858 (1998). The fact that the New Mexico Supreme Court has in fact reviewed, on certiorari, determinations of sufficiency claims by the New

4

Mexico Court of Appeals, indicates that the court considers such review within its certiorari jurisdiction. *See, e.g.*, State v. Reed, 125 N.M. 552, 964 P.2d 113 (1998).

11. Martinez's sole claim on direct appeal was sufficiency of the evidence. Because he could have, but did not, take his direct appeal to the state's highest court, and the time for doing so has now passed, he has procedurally defaulted his claim. When a petitioner defaults a claim in state court on the basis of an adequate and independent state procedural ground, a federal court will not consider the issue on habeas review unless the petitioner can either demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice, or establish cause for the default and prejudice resulting from his inability to present his claims in state court. Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991); Romero v. Tansy, 46 F.3d 1024, 1027 (10th Cir. 1995).

## Cause and Prejudice

12. With regard to cause and prejudice, Martinez asserts that he wanted to proceed with the appeal after the adverse ruling from the state court of appeals and, indeed, thought that his attorney was continuing to represent him in the appeal. The court of appeals filed its decision on January 29, 1999. A petition for writ of certiorari was due twenty days thereafter, N.M.R.A. 12-502 (B). Martinez states in his petition that it was not until October 1999 that he discovered that his attorney had failed to file for certiorari.

13. An attorney's ineffectiveness in failing properly to preserve a claim for review in state court can constitute the "cause" necessary to excuse a procedural default. Edwards v. Carpenter, 529 U.S. 446, 120 S. Ct. 1587, 1591 (2000). However, in order to establish "cause" by showing attorney ineffectiveness, a petitioner must meet the two-part test established in Strickland v. Washington, 466

5

U.S. 668, 104 S. Ct. 2052 (1984); that is, he must show that (1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial.[2] United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995).

14. In the present case, even assuming that Martinez's attorney neglected to file for certiorari in spite of Martinez's desire that he do so, and that counsel's performance thereby fell below an objective standard of reasonableness, Martinez has nevertheless failed to establish the "prejudice" prong because he has not shown a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. In order to make the "prejudice" showing in this case, Martinez must establish a reasonable probability that the New Mexico Supreme Court would have reversed the ruling of the New Mexico Court of Appeals in Martinez's direct appeal, on the issue of sufficiency of the evidence. Martinez has failed to make this showing.

15. The New Mexico Court of Appeals rejected Martinez's argument that the evidence was insufficient to support his conviction for criminal sexual penetration of a minor. Martinez was convicted under N.M.S.A. (1978) § 30-9-11, which requires proof that the defendant caused the insertion, to any extent, of any object into the genital or anal opening of the victim, who was under thirteen years of age at the time. The Court of Appeals noted in its opinion that the victim in this case testified that she was spending the night with her girlfriend, Brenda Martinez, at the time of the incident and was sleeping in the same bed as Brenda. The victim testified that Defendant Martinez, Brenda's uncle, came into the room, got in bed between the victim and Brenda, and sexually assaulted

---

[2] In addition, Martinez is required to present his ineffectiveness claim to the state court before he may assert ineffectiveness of counsel as "cause" excusing a procedural default. Edwards, 120 S. Ct. at 1591. Martinez presented this claim on state habeas review and has therefore fulfilled this requirement.

the victim by inserting his finger into her vagina. (Memorandum Opinion of the Court of Appeals, Ex. I to Answer, at 2).

16. The Court of Appeals held that the fact-finder reasonably could have relied on this testimony to convict Martinez of the crime charged, even though the State did not present evidence from medical doctors, police officers, or family members and friends to corroborate the victim's testimony. The court noted further that the fact-finder could have considered the marks on the victim's neck to be corroborative of her testimony, and that although there were inconsistencies in the testimony, it is the function of the fact-finder, not the Court of Appeals, to resolve any conflict and determine where credibility lies. The fact-finder was free to reject the defendant's version of the incident. (Id., at 2-3).

17. This Court has reviewed the state court record, including tapes of the trial, and cannot say there is a reasonable probability that the New Mexico Supreme Court would have accepted certiorari in Martinez's appeal, had his attorney applied for it, nor that the state's high court would have reversed the ruling of the state court of appeals on the question of sufficiency of the evidence. Both Martinez and the victim (hereafter referred to as "TT"), testified at trial. TT told the jury that, in August 1991, after going to the county fair with her friend, Brenda Martinez and Brenda's family, she spent the night at Brenda' house; she further testified that Defendant Martinez entered the bedroom where both girls were sleeping and that he sexually assaulted her by inserting his finger into her vagina. She was twelve years old at the time. (Record Proper, Jury Trial Cassette Tape CR-2BA, at 639 to 1124).[3] This is sufficient to support a verdict for conviction, if the jury believed TT.

---

[3]Trial tapes will hereafter be referred to in the form: "Tape CR-2BA, at 639-1124." This tape was played on a Pitney Bowes Dictaphone Model 2870, which has approximately 1200 counters per one-sided tape.

18. Defendant, who is Brenda Martinez's uncle, denied that he sexually assaulted TT. He testified that he fell asleep on an easy chair in Brenda's parents' house that night and that he left the living room only once all night, to go to the bathroom. He said he was gone from the room for a few minutes only. (Tape CR-5BA, at 16.34 to 24.33).[4] Brenda's mother, Maria Martinez, corroborated this testimony, stating that she was awake all night in the living room, playing cards, drinking, and watching television with several relatives, including Defendant Martinez, who was asleep for much of this time. She said she did not hear any disturbance coming from Brenda's room. (Tape CR-4BA, at 4.11 to 19.02). Brenda Martinez testified that she did not see or hear her uncle enter the bedroom where she and TT were sleeping. (Tape CR-4BA, at 13.47 to 16.06).

19. There was further conflicting evidence about "hickeys" on TT's neck, about whether TT rode to the fair with Brenda's parents, or with Martinez, earlier that night, about whether the girls played inside or outside the house the next day, about whether TT's father hit her when she arrived home the next day. The jury heard the evidence and made its credibility determination, choosing to believe TT. There was, in addition, corroborating evidence that TT did indeed have marks on her neck the next day. A victim's testimony, if accompanied by "supporting facts and circumstances," is sufficient under New Mexico law to sustain a rape conviction.[5] State v. Turner, 81 N.M. 571, 577, 469 P.2d 720, 726 (Ct. App. 1970). Martinez argues that TT's testimony was unbelievable, in part because it occurred seven years after the events in question; however, he was himself responsible for

---

[4]This tape, and all others unless otherwise noted, were played on a Sony BM-75 Dictator/Transcriber, which has approximately 47.00 counters per one-sided tape.

[5]Although the state court of appeals characterized TT's testimony as uncorroborated by testimony from family members or friends, this is incorrect; Todd Christian, a family friend, testified for the State as a rebuttal witness and stated that he noticed marks on TT's neck when she returned from her overnight stay. (Tape CR-5BA, at 36.00 to 38.15).

the time lag, in that he fled the jurisdiction shortly after the incident and was not apprehended until 1998. The memories of other witnesses, including defense witnesses, had also presumably faded in that time, so the prejudice, if any, was borne equally by both sides. The jury was informed of the seven-year gap and the reason therefor, and Martinez was allowed to explain why he left the jurisdiction.

    20. "A jury is free to choose among reasonable constructions of the evidence," Grubbs v. Hannigan, 982 F.2d 1483, 1486 (10th Cir. 1993), and may reject the defendant's version of an incident. State v. Sutphin, 107 N.M. 126, 130-31, 753 P.2d 1314, 1318-19 (1988) ("[a]n appellate court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence"). On federal habeas review based on a "sufficiency of the evidence" claim, "[t]he Court may not weigh conflicting evidence nor consider the credibility of witnesses. Rather, the Court must accept the jury's resolution of the evidence as long as it is within the bounds of reason [internal punctuation omitted]." Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Under all of the circumstances, the jury did not commit constitutional error in choosing to believe TT's testimony. The Court cannot say that no rational juror could have found the essential elements of the crime beyond a reasonable doubt, on the evidence given. There is, therefore, no basis for finding a due process violation in this case.

Fundamental Miscarriage of Justice

    21. Martinez having failed to show cause and prejudice to excuse his procedural default, the Court must consider the alternative "fundamental miscarriage of justice" grounds. A fundamental miscarriage of justice will excuse a procedural default only in extraordinary circumstances where a constitutional violation has probably caused the conviction of one actually innocent of the crime.

McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454 (1991). Proof of actual innocence requires more than a mere assertion; rather, "petitioner must present evidence of innocence so strong that a court cannot have confidence in the outcome of the trial . . . Substantial claims that errors of constitutional dimension have caused the conviction of an innocent person are 'extremely rare.'" Sellers v. Ward, 135 F.3d 1333, 1338 (10th Cir.), *cert. denied*, 525 U.S. 1024, 119 S. Ct. 557 (1998).

22. Martinez has been consistent in maintaining his innocence throughout these proceedings. As noted above, he testified at trial that he did not go into the room where TT was sleeping and that he did not sexually penetrate her, and he protested his innocence immediately following the guilty verdict. The only support for his argument of "fundamental miscarriage," however, is Martinez's own assertion that he is innocent. While there were some conflicts in the testimony at trial, the Court has been presented with nothing that would permit it to discount entirely the testimony of the victim. In addition, Martinez absconded prior to trial, thus delaying the proceedings by seven years, and flight may be considered by the jury to indicate consciousness of guilt. State v. Trujillo, 95 N.M. 535, 541, 624 P.2d 44, 50 (1981).

23. This case turns on a question of credibility. Martinez has failed to meet his burden of showing that no reasonable juror could have concluded that TT was telling the truth, and he presents no other support for his assertion that he did not commit this crime. The Court can discern no fundamental miscarriage of justice in this case.

### Ineffective Assistance of Counsel

24. Martinez raised his ineffective assistance claim in state habeas proceedings and pursued this claim to the state supreme court. He did not raise it on direct appeal; however, since the "preferred avenue" for adjudicating ineffective assistance of counsel claims is habeas corpus

10

proceedings, Duncan v. Kerby, 115 N.M. 344, 346, 851 P.2d 466, 468 (1993), Martinez has exhausted this claim. It presents no issue of procedural default, and the Court will consider it on the merits. *See*, Jackson v. Shanks, 143 F.3d 1313, 1319 (10th Cir. 1998) ("we disagree that Mr. Jackson's failure to raise his ineffective assistance claim on direct appeal procedurally bars us from considering his claim").

25. Martinez cites two actions by his attorney in support of his claim for ineffective assistance: (1) failure to file a petition for certiorari with the New Mexico Supreme Court in connection with his direct appeal; and (2) failure to investigate the victim's background.

26. As noted above, to establish ineffective assistance of counsel, Martinez must make a two-pronged showing: (1) that counsel's performance was constitutionally defective; and (2) that the deficient performance prejudiced the defense in that counsel's errors were so serious as to deprive the defendant of a fair trial with a reliable result (or, as in this case, deprive defendant of his chance to complete his appeal). Strickland, 466 U.S. at 687; Rogers v. United States, 91 F.3d 1388, 1391 (10th Cir. 1996). To prove deficient performance, Martinez must overcome the strong presumption that counsel's conduct was constitutionally effective. Duvall v. Reynolds, 139 F.3d 768, 776 (10th Cir. 1998). Scrutiny of counsel's performance must be "highly deferential" and must avoid the distorting effects of hindsight. Miles v. Dorsey, 61 F.3d 1459, 1474 (10th Cir. 1995). In order to be found constitutionally ineffective, trial counsel's performance must have been completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy. Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir. 1997).

27. As discussed above, Martinez suffered no prejudice from his attorney's failure to file a petition for certiorari following affirmance of his conviction by the New Mexico Court of Appeals.

This Court has found that there was sufficient evidence under the appropriate legal standards to sustain the conviction, and that the New Mexico Supreme Court, even if it had accepted certiorari, would not have concluded that no rational jury could have found beyond a reasonable doubt the essential facts required for a conviction. Martinez's first charge of ineffective assistance therefore fails on the second, prejudice prong of the Strickland test.

28. Martinez's other ineffectiveness charge fails on the first, performance prong of Strickland, in that he has not demonstrated that his attorney was constitutionally deficient in failing to investigate TT's background. Martinez states in his petition (at 7a-7b):

> In my case there was only the testimony of the victim that the state relied upon for this conviction. The victim provided conflicting testimony both prior to and during the trial. Attorney Juan Dawson failed to investigate any back ground as to the victims history. The back ground checks should have included any mental conditions that may have been relevant to the testimony provided by the victim. This also would have helped to impeach the testimony of the states only witness at my trial. With a complete back ground check, there surely would have been a different outcome of the trial.

29. The events which triggered Martinez's prosecution occurred in 1991, when TT was 12 years old. He absconded and was not brought to trial until 1998, when TT was 19. It is not clear whether Martinez is suggesting that his attorney should have investigated TT's activities, background, and mental condition between the ages of 12 and 19, or whether he is referring to her background and condition at the time of the incident. Martinez does not give any details as to what such an investigation would or might have revealed; he merely asserts that, "[w]ith a complete back ground check, there surely would have been a different outcome of the trial." This is not sufficient to establish constitutionally ineffective assistance.

30. Counsel has a duty to make reasonable investigations, or to make a reasonable decision

12

that makes particular investigations unnecessary. <u>Nguyen v. Reynolds</u>, 131 F.3d 1340 (10th Cir. 1997). However, a defendant cannot charge ineffective assistance of counsel based on failure to investigate, when defendant himself withholds the essential information required to trigger an investigation. <u>United States v. Rhodes</u>, 913 F.2d 839, 844 (10th Cir. 1990). In this case, Martinez's attorney appears to have done some investigation, since he discovered that TT had a larceny conviction in the intervening years between the incident and the trial. He obtained a pretrial ruling from the judge, allowing this evidence to be brought before the jury on cross examination of the victim (Tape CRCH-1BA, at 341)[6], and he did in fact question TT about the conviction at trial (Tape CR-3BA, at 6.46). The jury was therefore aware of this piece of her background and chose to accept her testimony in spite of the prior conviction.

31. Martinez has not explained what would, or even might, have been revealed by further investigation. Conclusory allegations, unsupported by specifics, do not justify habeas relief based on ineffective assistance of counsel. <u>Hatch v. Oklahoma</u>, 58 F.3d 1447, 1469 (10th Cir. 1995); <u>Eskridge v. Untied States</u>, 443 F.2d 440, 443 (10th Cir. 1971). Martinez supplies only conclusory allegations, and habeas relief is therefore not warranted on the claim of failure to investigate. In addition, the state court determined that Martinez was not entitled to relief on this issue, and he is therefore not entitled to federal habeas relief unless the state adjudication resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495 (2000). Martinez has not met this standard. This Court will therefore defer to the state court's ruling and,

---

[6]This tape was played on the Pitney Bowes machine described in footnote 3.

even if it were not obligated to defer, would independently hold that Martinez has failed to make out a case of ineffective assistance of counsel.

## Recommended Disposition

That Respondent's Motion to Dismiss [Doc. 10] be granted, and that this matter be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge